**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TODD TARGGART, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NEXT BRIDGE HYDROCARBONS, INC., KEN RICE, GEORGE PALIKARAS, ROBERT L. COOK, CLIFTON DUBOSE, JR., JOSEPH DEWOODY, LUCAS T. HAWKINS, DELVINA OELKERS, MIA PITTS, KRISTIN WHITLEY, and GREGORY MCCABE,<br><br>    Defendants. | Case No.: 1:24-cv-01927-FB-JAM<br><br>Hon. Frederic Block |

**MEMORANDUM OF LAW IN SUPPORT OF THE NBH INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF SELECTION OF COUNSEL</u>**

# **TABLE OF CONTENTS**

**Page**

I. FACTUAL BACKGROUND ................................................................................................ 2

II. PROCEDURAL HISTORY ................................................................................................... 3

III. ARGUMENT ......................................................................................................................... 3

    A. Appointing the NBH Investor Group as Lead Plaintiff Is Appropriate ........................... 3

        1. The NBH Investor Group Filed a Timely Motion. ....................................................... 4

        2. The NBH Investor Group Has the Largest Financial Interest in the Relief Sought. ................................................................................................................... 5

        3. The NBH Investor Group Satisfies the Relevant Requirements of Rule 23. .............. 6

            a. The NBH Investor Group's Claims Are Typical. ................................................. 6

            b. The NBH Investor Group Is An Adequate Representative. ................................. 7

    B. Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ....................................... 8

IV. CONCLUSION ...................................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.*,
  324 F. Supp. 3d 335 (E.D.N.Y. 2018) .................................................................................. 4, 6

*In re Cendant Corp.*,
  264 F.3d 201 (3d Cir. 2001) ..................................................................................................... 8

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*,
  269 F.R.D. 291 (S.D.N.Y. 2010) ............................................................................................. 7

*In re E-Trade Financial Corp.* Securuties Litigation,
  No. 07-cv-8538 (S.D.N.Y.) ...................................................................................................... 8

*Ford v. VOXX Int'l Corp.*,
  No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015) ............... 6

*In re Gentiva Sec. Litig.*,
  281 F.R.D. 108 (E.D.N.Y. 2012) ............................................................................................. 6

*Gurevitch v. KeyCorp, et al.*,
  No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ....................................................................... 9

*Jaramillo v. Dish Network Corporation, et al.*,
  No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023) .......................................................................... 9

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
  No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) .................. 7

*Martin v. BioXcel Therapeutics, Inc. et al.*,
  No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ............................................................................ 9

*Petersen v. Stem, Inc. et. al.*,
  No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) ......................................................................... 9

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*,
  No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) ........................................................................... 9

*Solomon v. Peloton Interactive, Inc. et al.*,
  No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) ........................................................................... 9

*In re Tesla Inc. Securities Litigation*,
  No. 3:18-cv-4865 (N.D. Cal.) ................................................................................................... 8

*Thant v. Rain Oncology Inc. et al.*,
  5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) ................................................................................. 9

*Thant v. Veru, Inc. et al.*,
    No. 1:22-cv-23960 (S.D. Fla. July 27, 2023) .......................................................................... 9

*In re U.S. Steel Securities Litigation,*
    No. 2:17-579-CB (W.D. Pa.) .................................................................................................. 8

*Villanueva v. Proterra Inc. et al.,*
    No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ........................................................................ 9

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
    No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011) ................... 7

*Xiangdong Chen v. X Fin.*,
    No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292 (E.D.N.Y. May 13, 2020) ......... 5

**Statutes**

15 U.S.C. § 77z-1 ............................................................................................................... *passim*

**Rules**

FED. R. CIV. P. 23 ........................................................................................................... 1, 4, 6, 7

Todd Targgart, Steven Martinez, and Mohammed Limon (the "NBH Investor Group") respectfully submits this memorandum of law in support of its motion ("Motion") to appoint it as lead plaintiff and approve its selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Act of 1933 ("Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf all persons or entities that acquired Next Bridge Hydrocarbons, Inc. ("NBH" or the "Company") shares in connection with the Company's spin-off from Meta Materials, Inc. ("Meta Materials") on or around December 14, 2022, and were damaged as a result thereof (the "Class"), concerning claims under Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o), against Defendants NBH, Ken Rice ("Rice"), George Palikaras ("Palikaras"), Robert L. Cook ("Cook"), Clifton Dubose, Jr. ("Dubose"), Joseph Dewoody ("Dewoody"), Lucas T. Hawkins ("Hawkins"), Delvina Oelkers ("Oelkers"), Mia Pitts ("Pitts"), Kristin Whitley ("Whitley"), and Gregory McCabe ("McCabe") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. The NBH Investor Group believes that it is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses it suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, the NBH Investor Group satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other Class members' claims and it will fairly and adequately represent the interests of the Class. In

addition, the NBH Investor Group's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

I.  **FACTUAL BACKGROUND**[1]

NBH dates back several years to an earlier company named Torchlight Energy Resources, Inc. ("Torchlight"). ¶ 2. Torchlight was an oil and gas company that operated primarily in the Orogrande Basin in West Texas under the control of Defendant Gregory McCabe. *Id.*

In June 2021, Torchlight merged into a Canadian company named Metamaterial Technologies Inc. ("Metamaterial"). ¶ 3. In connection with the merger, legacy Torchlight shareholders received shares of non-voting Meta Materials preferred stock (the "Preferred Stock"). *Id.* The Preferred Stock corresponded to the oil and gas assets that Metamaterial acquired from Torchlight during the merger. *Id.* Holders of the Preferred Stock would be entitled to receive either proceeds from the sale of the oil and gas assets or, if the assets were not sold by a certain date, equity in a spin-off entity created to take ownership of the assets. *Id.*

Meta Materials did not sell the legacy Torchlight oil and gas assets and, consequently, proceeded with spinning off the oil and gas assets into NBH. ¶ 4. To effectuate the spinoff, on July 14, 2022, NBH filed a registration statement on Form S-1 with the SEC, followed by several amendments and a final prospectus (collectively, the "Registration Statement"). *Id.* The Registration Statement became "effective" on November 18, 2022. *Id.*

On December 14, 2022, Meta Materials completed the spin-off of the oil and gas assets to

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Targgart* Complaint") filed in the action styled *Targgart v. Next Bridge Hydrocarbons, Inc., et. al.,* Case No. 1:24-cv-01927-FB-JAM (the "*Targgart* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Targgart* Complaint. The facts set forth in the *Targgart* Complaint are incorporated herein by reference.

2

NBH and, as a result, holders of Meta Materials' Preferred Stock received new shares in NBH pursuant to the Registration Statement (the "Spin-Off"). ¶ 5.

The Registration Statement contained untrue statements of a material fact and/or omitted to state material facts to make the statements therein not misleading. ¶ 6. The Registration Statement also violated specific disclosure provisions within Regulation S-K, which *inter alia* dictate what must be disclosed by issuers in registration statements. *Id.*

## II.   PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Targgart* Action against the Defendants. Plaintiff Todd Targgart ("Targgart") commenced the first-filed action on March 15, 2024. On that same day, counsel acting on Targgart's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of the NBH Investor Group's Motion ("Apton Decl.").

## III.   ARGUMENT

### A.   Appointing the NBH Investor Group as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

As set forth below, the NBH Investor Group satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. The NBH Investor Group has, to the best of its knowledge, the largest financial interest in this litigation—having lost $534,705.20 as a result of its transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, the NBH Investor Group is not aware of any unique defenses that Defendants could raise against it that would render it inadequate to represent the Class. Accordingly, the NBH Investor Group respectfully submits that it should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.  The NBH Investor Group Filed a Timely Motion.

On March 15, 2024, pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), counsel for Targgart published the Press Release on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein

and advising purchasers of NBH shares that they had 60 days from the publication of the March 15, 2024 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *Xiangdong Chen v. X Fin.*, No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292, at *6 (E.D.N.Y. May 13, 2020) (finding that a notice published on *Globe Newswire* satisfied Rule 23).

The NBH Investor Group timely filed its motion within the 60-day period following publication of the March 15, 2024 Press Release and submitted herewith sworn certifications by each member of the group attaching their transactions in NBH shares and attesting that they are willing to serve as representatives of the Class. *See* PSLRA Certifications, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, the NBH Investor Group satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa).

### 2. The NBH Investor Group Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). At the time of this filing, the NBH Investor Group believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

The NBH Investor Group acquired NBH shares at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, the NBH Investor Group suffered an approximate loss of $534,705.20. *See* Apton Decl., Ex. B. The NBH Investor Group is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, the NBH Investor Group believes that it has the "largest financial

5

interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3. The NBH Investor Group Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, the NBH Investor Group need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *Id.* at *6.

#### a. The NBH Investor Group's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg.*

6

*Co.*, No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-13 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

The NBH Investor Group's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, the NBH Investor Group alleges that Defendants' material misstatements and omissions concerning NBH's business, operational and financial results violated the federal securities laws. The NBH Investor Group, like all members of the Class, purchased or otherwise acquired NBH shares in connection with the Meta Materials spin-off. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, the NBH Investor Group's interests and claims are "typical" of the interests and claims of the Class.

### b. The NBH Investor Group Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). The NBH Investor Group has demonstrated its adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and the NBH Investor Group's financial losses ensure that it has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Apton Decl., Ex. B. The NBH Investor Group is not aware that any conflict exists between its claims and those asserted on behalf of the Class.

Moreover, the members of the NBH Investor Group have submitted a Joint Declaration, attesting to, *inter alia*, their education history, occupation, and investment experience, as well as to their understanding of the strength of this case, the responsibilities and duties of serving as a lead plaintiff, their shared desire to obtain the best result for the Class, and the steps that they will take to supervise this litigation. *See* Joint Declaration, Ex. D. to Apton Decl.

Accordingly, the NBH Investor Group meets the adequacy requirement of Rule 23.

### B. Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Here, the NBH Investor Group has selected Levi & Korsinsky to pursue this litigation on its behalf and has retained the firm as the Class' Lead Counsel in the event it is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp*. Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon

Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting the NBH Investor Group's motion, the Class will receive the highest caliber of legal representation possible.

**IV.   CONCLUSION**

For the foregoing reasons, the NBH Investor Group respectfully requests that the Court grant its Motion and enter an Order: (1) appointing the NBH Investor Group as Lead Plaintiff, (2) approving its selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

*[Signature on following page]*

Dated: May 14, 2024                                     Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: <u>*/s/ Adam M. Apton*</u>
Adam M. Apton (AS-8383)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for the NBH Investor Group and [Proposed] Lead Counsel for the Class*