UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TODD TARGGART, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 4:24-cv-00767-P |
| | § | |
| NEXT BRDGE HYDROCARBONS, INC., et al., | § § § | |
| | § | |
| Defendants. | § | |

**<u>DEFENDANT JOHN BRDA'S BRIEF IN SUPPORT OF MOTION TO DISMISS</u>**

Pursuant to Local Rule 7.1(d), Defendant John Brda files this brief in support of his motion to dismiss Plaintiffs' Amended Complaint (the "**Amended Complaint**") (ECF No. 41) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 10(c), Mr. Brda joins Next Bridge Hydrocarbons, Inc.'s ("**NBH**") concurrently filed motion to dismiss (ECF Nos. 49–50). The arguments made in NBH's motion are adopted in whole and incorporated herein.

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................................1

II. LEGAL STANDARDS ..........................................................................................................3

   A. Rule 12(b)(6) ..................................................................................................................3

   B. Rule 9(b) .........................................................................................................................4

   C. Section 12(a)(2) ..............................................................................................................5

III. ARGUMENT AND AUTHORITIES .....................................................................................5

   A. Plaintiffs Lack Statutory Standing to Assert the Section 12(a)(2) Claim Because They Did Not "Purchase" The NBH Shares ..........................................................................5

   B. Because Plaintiffs Fail to Plead They Purchased the Security Pursuant to a Prospectus, They Lack Statutory Standing ......................................................................................6

   C. Mr. Brda is not a "Statutory Seller" Under Section 12(a)(2) .........................................8

   D. Plaintiffs' Section 12(a)(2) Claim is Barred by the 1-Year Statute of Limitations ......10

IV. RELIEF REQUESTED .......................................................................................................133

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*ABC Arbitrage Plaintiffs Group v. Tchuruk*,
 291 F.3d 336 (5th Cir. 2002) ..................................................................................................4

*APA Excelsior III L.P. v. Premiere Techs., Inc.*,
 476 F.3d 1261 (11th Cir. 2007) ...............................................................................................7

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)..............................................................................................................3, 4

*Ballay v. Legg Mason Wood Walker, Inc.*,
 925 F.2d 682 (3d Cir. 1991)......................................................................................................7

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007).................................................................................................................3

*Blue Chip Stamp v. Manor Drug Stores*,
 421 U.S. 723 (1975).................................................................................................................5

*Brooks v. United Dev. Funding III, L.P.*,
 No. 4:20-CV-00150-O, 2020 WL 6132230 (N.D. Tex. Apr. 15, 2020) ...................................2

*Carroll v. Fort James Corp.*,
 470 F.3d 1171 (5th Cir. 2006) .................................................................................................4

*DeBenedictis v. Merrill Lynch & Co.*,
 492 F.3d 209 (3d Cir. 2007)...................................................................................................10

*Dorsey v. Portfolio Equities, Inc.*,
 540 F.3d 333 (5th Cir. 2008)....................................................................................................4

*Emerson v. Mut. Fund Series Tr.*,
 393 F. Supp. 3d 220 (E.D.N.Y. 2019) ...................................................................................10

*Gotham Holdings, LP v. Health Grades, Inc.*,
 534 F. Supp. 2d 442 (S.D.N.Y. 2008).....................................................................................8

*Gustafson v. Alloyd, Inc.*,
 513 U.S. 561 (1995).................................................................................................................7

*HCB Fin. Corp. v. McPherson*,
 8 F.4th 335 (5th Cir. 2021) ......................................................................................................6

*Hoffman v. AmericaHomeKey, Inc.*,
  23 F. Supp. 3d 734 (N.D. Tex. 2014) ...................................................................................4

*In re Dynegy, Inc. Sec. Litig.*,
  339 F. Supp. 2d 804 (S.D. Tex. 2004) ................................................................................10

*In re Morgan Stanley Info. Fund Sec. Litig.*,
  592 F.3d 347 (2d Cir. 2010) ..................................................................................................5

*In re Plains All Am. Pipeline, L.P. Sec. Litig.*,
  245 F. Supp. 3d 870, 894 (S.D. Tex. 2017), *aff'd* 777 Fed. App'x 726 (5th Cir.
  2019) .....................................................................................................................................8

*Isquith v. Caremark Int'l, Inc.*,
  136 F.3d 531 (7th Cir. 1998) .......................................................................................1, 5, 6

*James Jianhua Wu v. Weizhen Tang*,
  No. 3:10-CV-0218-O, 2011 WL 145259 (N.D. Tex. Jan. 14, 2011) .........................................4

*Jensen v. Snellings*,
  841 F.2d 600 (5th Cir. 1988) ..............................................................................................13

*Kaye v. Lone Star Fund V (U.S.), L.P.*,
  453 B.R. 645 (N.D. Tex. 2011) .............................................................................................2

*Lipsky v. Commonwealth United Corp.*,
  551 F.2d 887 (2d Cir. 1976) ..................................................................................................2

*Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*,
  238 F.3d 363 (5th Cir. 2001) ................................................................................................9

*Lovelace v. Software Spectrum, Inc.*,
  78 F.3d 1015 (5th Cir. 1996) ..............................................................................................12

*Lozada v. TaskUs, Inc.*,
  710 F. Supp. 3d 283 (S.D.N.Y. 2024) .............................................................................8, 10

*Melder v. Morris*,
  27 F.3d 1097 (5th Cir. 1994) ................................................................................................4

*Pell v. Weinstein*,
  759 F. Supp. 1107, 1113-14 (M.D. Pa. 1991) *aff'd*, 961 F.2d 1568 (3d Cir.
  1992) .....................................................................................................................................7

*Pierce v. Morris*,
  No. 4:03-CV-026-Y, 2006 WL 2370343 (N.D. Tex. Aug. 16, 2006) ....................................9

*Pinter v. Dahl*,
   486 U.S. 622 (1988) ................................................................................................ 2, 8, 10

*Plotkin v. IP Axess Inc.*,
   407 F.3d 690 (5th Cir. 2005) ................................................................................................ 3

*Rahr v. Grant Thornton LLP*,
   142 F. Supp. 2d 793 (N.D. Tex. 2000) ................................................................................ 13

*Randall D. Wolcott, M.D., P.A. v. Sebelius*,
   635 F.3d 757 (5th Cir. 2011) ................................................................................................ 6

*Rathborne v. Rathborne*,
   683 F.2d 914 (5th Cir. 1982) ............................................................................................. 5, 6

*Risley v. Universal Navigation Inc.*,
   690 F. Supp. 3d 195 (S.D.N.Y. 2023) ................................................................................... 9

*Rombach v. Chang*,
   355 F.3d 164 (2d Cir. 2004) ................................................................................................. 4

*Rosenzweig v. Azurix Corp.*,
   332 F.3d 854 (5th Cir. 2003) .................................................................................... 3, 6, 9, 13

*Sewell v. D'Alessandro & Woodyard, Inc.*,
   725 F. Supp. 2d 1344 (M.D. Fla. 2010) .............................................................................. 13

*Sudo Properties, Inc. v. Terrebonne Par. Consol. Gov't*,
   503 F.3d 371 (5th Cir. 2007) .............................................................................................. 10

*In re Venator Materials PLC Sec. Litig.*,
   547 F. Supp. 3d 624 (S.D. Tex. 2021) .................................................................................. 7

**Statutes and Other Authorities**

15 U.S.C. § 77l(a)(2) ................................................................................................... *passim*

15 U.S.C. § 77m ........................................................................................................................ 10

Fed. R. Civ. P. 9(b) ..................................................................................................................... 4

Fed. R. Civ. P. 12(b)(1) ........................................................................................................... 6, 7

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 3, 6

## I.     INTRODUCTION

Plaintiffs seek to represent a class of persons that purport to have acquired shares of NBH in connection with its spin-off from Meta Materials Inc. ("**Meta**") on or around December 14, 2022. Am. Compl. ¶ 95. Plaintiffs initially brought this lawsuit in the Eastern District of New York, asserting claims under Sections 11 and 15 of the Securities Act of 1933 against NBH and certain of its directors and officers. After the case was transferred, they filed an Amended Complaint seeking to bolt on a new Section 12(a)(2) claim against Mr. Brda.

Unlike every other individual defendant, Mr. Brda was never an officer or director of NBH. Rather, he was an officer of the company that preceded Meta—Torchlight Energy Resources, Inc. ("**Torchlight**")—until June 2021.[2] Am. Compl. ¶ 25. Mr. Brda is thus three companies and over one year removed from the initial registration statement filed on July 14, 2022 that was declared effective on November 18, 2022 pursuant to which Plaintiffs received shares in NBH. Am. Compl. ¶ 4. As set forth below, Mr. Brda's lack of involvement with NBH is fatal to Plaintiff's claim.

More fundamentally, Plaintiffs lack standing because they did not "purchas[e]" and there was no "consideration paid" for the NBH stock that Plaintiffs received. Rather, Plaintiffs received NBH stock in a distribution from Meta in exchange for Meta preferred stock. As the United States Court of Appeals for the Seventh Circuit held in *Isquith v. Caremark International, Inc.*, persons who receive shares of stock in a spinoff "simply receive[] one share of [new company stock] for every [share of old company stock] they owned." 136 F.3d 531, 534 (7th Cir. 1998). Such a person made "no investment choice" and therefore has no claim under securities laws applicable only to the purchase or sale of securities. *Id.*

---

[2] Torchlight merged with Metamaterial Technologies Inc. and became Meta in June 2021. Am. Compl. ¶ 25.

Moreover, Plaintiffs here purchased shares of preferred stock of Meta in the aftermarket with most of their shares acquired before July 14, 2022. *See* Am. Compl. ¶¶ 4, 12–14, Appendix A and B. Most of the statements that Plaintiffs purport to challenge as to Mr. Brda precede the filing of the initial registration statement for NBH stock and so were not made in connection with the prospectus.[3] Furthermore, to the extent that Plaintiffs challenge a few statements allegedly made by Mr. Brda after July 14, 2022, Plaintiffs have made little effort to allege that such statements relate to the prospectus and no effort to allege that such statements are false or misleading. Plaintiffs do not allege that Mr. Brda is responsible in any way for the various drafts of the registration statement and prospectus. Rather, they allege only that he had authority over Torchlight's filings. Am. Compl. ¶ 25. As for the few post-July 14, 2022 statements that Plaintiffs attribute to Mr. Brda, most do not directly relate to the prospectus, and to the extent that they do, Plaintiffs have not alleged why any such statement was false or misleading.

Mr. Brda also does not qualify as a "seller" under Section 12(a)(2) as defined by the statute and interpreted by the Supreme Court in *Pinter v. Dahl*, 486 U.S. 622, 643 (1988). Plaintiffs have not alleged any facts that Mr. Brda "directly communicate[d]" or actively solicited investments

---

[3] To the extent that the Court disagrees with Mr. Brda that statements made before NBH filed the initial draft of the registration statement can serve as the basis for a claim under Section 12(a)(2), the Court should strike or ignore the allegations that Plaintiffs have copied from an SEC complaint against Mr. Brda. *See, e.g., Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Cir. 1976) (striking allegations in a complaint copied from an consent order with the SEC and the SEC complaint that preceded it because "there was no hearing or rulings or any form of decision on the merits by the district court"); *see also Brooks v. United Dev. Funding III, L.P.*, No. 4:20-CV-00150-O, 2020 WL 6132230, at *13 (N.D. Tex. Apr. 15, 2020) (striking plaintiffs' allegations "wholesale" lifted from an SEC complaint). Plaintiffs have copied Paragraphs 121–22, 124–43 of the Amended Complaint from the complaint filed by the SEC. *See SEC v. John Brda, et ano.*, No. 1:24-cv-004806, ECF No. 1 (S.D.N.Y. June 25, 2024) (Tab 1 to the appendix); *see also Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 664 (N.D. Tex. 2011) (holding court deciding a motion to dismiss "may take judicial notice of a document filed in another court") (citation and quotation omitted). The Court should therefore strike or ignore these paragraphs from the Amended Complaint.

from Plaintiffs. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 871 (5th Cir. 2003). They also have not alleged that Mr. Brda obtained a benefit from any statements that they attribute to him.

Lastly, Plaintiffs' claim against Mr. Brda is barred by the one-year statute of limitations. Plaintiffs had notice of their claims against Mr. Brda for more than a year before they filed. Stockholders—including the same plaintiff (Todd Targgart)—represented by the same law firm filed a lawsuit on behalf of persons who purchased Meta common stock against Mr. Brda (and others) in August 2022. Also, Meta's SEC filings mentioned proceedings by the SEC involving Meta and Mr. Brda in the spring and summer of 2023. Plaintiffs try to explain their delay with the conclusory assertion that "Brda's status as a 'statutory seller' did not become known until . . . June 25, 2024," Am. Compl. ¶ 152, but this does not justify their delay in suing Mr. Brda under Section 12(a)(2).

For any or all of these reasons, the Court should dismiss Plaintiffs' claim (Count III) against Mr. Brda.

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(6)

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a Rule 12(b)(6) motion, courts identify and disregard any conclusory factual allegations, which are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (holding that the "Court is not required to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions").

A claim is plausible only if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556

U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the alleged facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679.

### B. Rule 9(b)

Rule 9(b) requires that the complaint state "with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b).[4] The Fifth Circuit "interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008). "Put simply, Rule 9(b) requires the complaint to set forth 'the who, what, when, where, and how' of the events at issue." *Id.* (quoting *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)).

"In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading." *Hoffman v. AmericaHomeKey, Inc.*, 23 F. Supp. 3d 734, 745 (N.D. Tex. 2014) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006)).

---

[4] Rule 9(b) applies when "Securities Act claims are grounded in fraud rather than negligence." *Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994). The only reference to "negligence" throughout the entire Amended Complaint (Am. Compl. ¶ 90) does not relate to Mr. Brda. Thus, Rule 9(b) applies. *See James Jianhua Wu v. Weizhen Tang*, No. 3:10-CV-0218-O, 2011 WL 145259, at *6 (N.D. Tex. Jan. 14, 2011) ("Although Section 12(2) does not include a requirement of fraud, the Fifth Circuit has held that claims under the Securities Act of 1933 are subject to Rule 9(b) when they are grounded in fraud rather than negligence.") (citing *Melder*, 27 F.3d at 1100 n.6); *see also Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) ("We hold that the heightened pleading standard of Rule 9(b) applies to Section 11 and Section 12(a)(2) claims insofar as the claims are premised on allegations of fraud.").

### C. Section 12(a)(2)

In order to state a *prima facie* claim under Section 12(a)(2), Plaintiffs must plausibly allege that: "(1) [Mr. Brda] is a 'statutory seller'; (2) the sale was effectuated 'by means of a prospectus or oral communication'; and (3) the prospectus or oral communication 'include[d] an untrue statement of a material fact or omit[ted] to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading.'" *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 358–59 (2d Cir. 2010) (quoting 15 U.S.C. § 77l(a)(2)).

## III.   ARGUMENT AND AUTHORITIES

Plaintiffs' claim against Mr. Brda fails for numerous independent reasons. *First*, Plaintiffs lack statutory standing to bring a claim under Section 12(a)(2) of the Securities Act. *Second*, Plaintiffs fail to plausibly allege that Mr. Brda is a "statutory seller." *Third*, the one-year statute of limitations bars Plaintiffs' Section 12(a)(2) claim against Mr. Brda.

### A. Plaintiffs Lack Statutory Standing to Assert the Section 12(a)(2) Claim Because They Did Not "Purchase" The NBH Shares.

In order to bring a claim under Section 12(a)(2), a plaintiff must allege that he was an actual purchaser or seller of securities. *Blue Chip Stamp v. Manor Drug Stores*, 421 U.S. 723, 736 (1975). "In determining whether a party to a securities transaction is a 'purchaser' or 'seller,' we must ask whether the transaction has wrought a fundamental change in the nature of the plaintiff's investment." *Rathborne v. Rathborne*, 683 F.2d 914, 920 (5th Cir. 1982). The Court must "focus upon the 'economic reality' of the transaction" to "determine whether the transaction has 'transformed' the plaintiff's interests 'in any real sense.'" *Id.* (internal citation omitted).

In *Isquith*, the Seventh Circuit held that stockholders who received shares in a spinoff could not state a claim because they made "no investment decision" and "simply received one share of

[spin-off] stock for every four shares they owned." 136 F.3d at 534. Similarly, in *Rathborne*, the Fifth Circuit held that following a split of the corporation into two distinct corporate entities, the plaintiff who "continued to possess the same proportionate interests in the same enterprises, with the same assets, and the same prospects" and whose "voting rights did not change, nor did his degree of control" ultimately had no standing to assert a securities claim because the transaction did not constitute a purchase or sale. 683 F.2d at 920.

Much like *Isquith* and *Rathborne*, Plaintiffs do not allege that they "purchased" or were "sold" shares of NBH. Rather, Plaintiffs allege that they received NBH stock in a distribution from Meta in exchange for Meta preferred stock as a result of a spin-off. *See* Am Compl. ¶¶ 3–5. Plaintiffs do not allege that their proportionate interests changed, and they also do not allege they paid any consideration for NBH stock.

In short, the "economic reality" demonstrates that Plaintiffs did not make any investment decision and thus, do not constitute "purchasers" for purposes of stating a federal securities cause of action. *See Rathborne*, 683 F.2d at 920. As a result, Plaintiffs Section 12(a)(2) claim must be dismissed.

**B. Because Plaintiffs Fail to Plead They Purchased the Security Pursuant to a Prospectus, They Lack Statutory Standing.[5]**

Section 12(a)(2) narrowly imposes liability only on a person who "offers or sells a security" by means of a materially false or misleading prospectus or oral communication. 15 U.S.C.

---

[5] A plaintiff's failure to demonstrate that the defendant qualifies as a statutory seller under Section 12(a)(2) of the Securities Act is a statutory standing issue that can be disposed of under Rule 12(b)(6). *See Rosenzweig*, 332 F.3d at 871 (affirming dismissal of Section 12(a)(2) claim against non-sellers under Rule 12(b)(6)); *see generally*, *HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 339 (5th Cir. 2021). In the alternative, to the extent this Court determines that the issue is one of Article III standing, Mr. Brda respectfully requests that the Court consider the standing issue first and dispose of it under Rule 12(b)(1). *See, e.g.*, *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011).

§ 77l(a)(2). The word "prospectus" is a term of art and refers only to a particular set of documents "in connection with public offerings." *Gustafson v. Alloyd, Inc.*, 513 U.S. 561, 584 (1995) ("[T]he word 'prospectus' is a term of art referring to a document that describes a public offering of securities by an issuer or controlling shareholder.") Similarly, the term "oral communication" in Section 12(a)(2) is "restricted to oral communications that relate to a prospectus." *Id.* at 567–68; *Ballay v. Legg Mason Wood Walker, Inc.*, 925 F.2d 682, 692 (3d Cir. 1991). And "the liability imposed by § 12(2) cannot attach unless there is an obligation to distribute the prospectus in the first place." *Gustafson*, 513 U.S. at 571. Thus, a "sale could not possibly have been made 'by means of a prospectus'" in violation of Section 12(a)(2) when the "date of the sale" was "before the prospectus . . . came into existence." *Pell v. Weinstein*, 759 F. Supp. 1107, 1113–14 (M.D. Pa. 1991) *aff'd*, 961 F.2d 1568 (3d Cir. 1992); *accord APA Excelsior III L.P. v. Premiere Techs., Inc.*, 476 F.3d 1261, 1273 (11th Cir. 2007) (Section 11's presumption of reliance is rebutted where the plaintiffs were irrevocably committed to purchase the securities before the registration statement issued, because "[t]o hold otherwise would mean that an impossible fact will be presumed in Plaintiffs' favor").

Here, Plaintiffs do not allege that Mr. Brda is responsible for any drafts of NBH's registration statement and prospectus. Indeed, they explicitly allege only that he had authority over Torchlight's filings (not Meta's or NBH's). Am. Compl. ¶ 25; *see In re Venator Materials PLC Sec. Litig.*, 547 F. Supp. 3d 624, 669 (S.D. Tex. 2021) ("The Fifth Circuit holds nonspecific allegations of this kind to be insufficient under section 12."). Plaintiffs also do not allege that Mr. Brda made any false or misleading statements in connection with the prospectus that resulted in their receipt of NBH stock. Most of the statements that Plaintiffs attribute to Mr. Brda predate even the initial draft registration statement and prospectus at issue that was filed on July 14, 2022

and so were not made in connection with any public offering. *See* Am. Compl. ¶¶ 127–28 (September 21, 2020); ¶ 131 (March 17, 2021); ¶ 133 (June 7, 2021) ¶ 144 (June 9, 2022); ¶ 145 (June 17, 2022). As for the few post-July 14, 2022 statements that Plaintiffs attribute to Mr. Brda, Am. Compl. ¶¶ 146–51, Plaintiffs do not allege they directly related to a prospectus. *See, e.g., Gotham Holdings, LP v. Health Grades, Inc.*, 534 F. Supp. 2d 442, 444–45 (S.D.N.Y. 2008) (oral statements must be "directly related to the prospectus" to be actionable under Section 12(a)(2)"). And to the extent that Mr. Brda made statements that might directly relate to the prospectus, Plaintiffs have not alleged that the statements are false or misleading. *In re Plains All Am. Pipeline, L.P. Sec. Litig.*, 245 F. Supp. 3d 870, 894 (S.D. Tex. 2017), *aff'd* 777 Fed. App'x 726 (5th Cir. 2019).

### C. Mr. Brda is not a "Statutory Seller" Under Section 12(a)(2).

"In addition, Section 12(a)(2) claims may only be brought against so-called 'statutory sellers,' a concept governed by the framework the Supreme Court established in *Pinter v. Dahl*, 486 U.S. 622 [] (1988)." *Lozada v. TaskUs, Inc.*, 710 F. Supp. 3d 283, 312 (S.D.N.Y. 2024). "A statutory seller for purposes of Section 12 includes (1) 'the owner who passed title, or other interest in the security, to the buyer for value' or (2) someone 'who successfully solicit[ed] the purchase [of the security], motivated at least in part by a desire to serve his own financial interests or those of the securities' owner.'" *Id.* (quoting *Pinter*, 486 U.S. at 642, 647).

Here, Plaintiffs do not allege that any plaintiff obtained title to the securities from Mr. Brda. Mr. Brda therefore cannot be liable to Plaintiffs under the first prong of the definition of a statutory seller. *See id*.

Plaintiffs also do not satisfy the solicitation prong. In *Rosenzweig*, the Fifth Circuit held that "to count as 'solicitation,' the seller must, at a minimum, directly communicate with the buyer." 332 F.3d 854, 871 (5th Cir. 2003) (dismissing Section 12(a)(2) claims when defendants

did not "directly communicate with the buyer" or otherwise "assume[ ] the 'unusual' role of becoming a 'vendor's agent'"); *see also Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 370 (5th Cir. 2001) (allegations that an issuer promoted an issue by preparing a prospectus or conducting a road show insufficient to plead seller liability under Section 12(a)(2)); *Pierce v. Morris*, No. 4:03-CV-026-Y, 2006 WL 2370343, at *3 (N.D. Tex. Aug. 16, 2006) ("Section 12(a)(2) therefore requires privity, and imposes liability on defendants who directly pass title to the plaintiff or who successfully, actively, and directly solicit the transaction in which title passed to the plaintiffs.").

Plaintiffs do not allege that Mr. Brda "directly" contacted them. Nor do Plaintiffs allege that any alleged solicitation by Mr. Brda was successful. The Amended Complaint identifies a number of Mr. Brda's tweets (Am. Comp. ¶¶ 144–51), and some private communications from him (*id.* at ¶¶ 121, 126, 128, 130–31) but Plaintiffs do not allege that communications they did not even know existed caused any investment decision. *See Risley v. Universal Navigation Inc.*, 690 F. Supp. 3d 195, 222 (S.D.N.Y. 2023) (finding no solicitation and reasoning that "no plaintiff would sue the New York Stock Exchange or NASDAQ for tweeting that its exchange was a safe place to trade"). Moreover, the only financial incentive that Plaintiffs allege as to Mr. Brda concerns a $1.5 million bonus he earned and received from Meta in *mid*-2021. *See* Am. Compl. ¶¶ 141–43. In other words, any purported "solicitation" made after mid-2021—and all statements that could relate to the "prospectus" which was not even filed in initial form until July 14, 2022 by definition came thereafter—could not be "motivated at least in part by a desire to serve his own financial interests." *Lozada*, 710 F. Supp. 3d at 312.

In short, Plaintiffs have not, and cannot, allege that Mr. Brda was a "statutory seller." *Pinter*, 486 U.S. at 647.

### D. Plaintiffs' Section 12(a)(2) Claim is Barred by the 1-Year Statute of Limitations.

Claims under the Securities Act, including Section 12(a)(2), must be filed "within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence." 15 U.S.C. § 77m.[6] The standard "is generally referred to as 'inquiry notice,' and it applies 'when a reasonable investor of ordinary intelligence would have discovered the information and recognized it as a storm warning.'" *Sudo Properties, Inc. v. Terrebonne Par. Consol. Gov't*, 503 F.3d 371, 376 (5th Cir. 2007) (quoting *DeBenedictis v. Merrill Lynch & Co.*, 492 F.3d 209, 216 (3d Cir. 2007)). "Among the circumstances found to constitute a storm warning are disclosures in the media, a sudden drop in stock price, filing for bankruptcy, an SEC investigation, and warnings in a prospectus." *In re Dynegy, Inc. Sec. Litig.*, 339 F. Supp. 2d 804, 846 (S.D. Tex. 2004) (citations omitted). "An investor does not have to have notice of the entire wrong being perpetrated to be on inquiry notice." *Id.* (citation omitted). "[C]ourts routinely find the information contained in annual and quarterly reports filed with the SEC within the purview of what a reasonable investor would consider." *Emerson v. Mut. Fund Series Tr.*, 393 F. Supp. 3d 220, 247 (E.D.N.Y. 2019).

In conclusory fashion, Plaintiffs assert: "[l]ess than one year has elapsed since the time that Plaintiffs discovered, or could reasonably have discovered, the facts upon which this [Amended] Complaint is based" because "[Mr.] Brda's status as a 'statutory seller' did not become known until certain facts were made public in the SEC's enforcement action against [Mr.] Brda on June 25, 2024." Am. Compl. ¶ 152; *see also* ECF No. 43 at 4–5. But the SEC's enforcement action alleges "facts" of purported solicitations that were made in public SEC filings well before the year-long statutory period. *See SEC v. John Brda, et ano.*, No. 1:24-cv-004806, ECF No. 1

---

[6] Plaintiffs concede the applicable one-year statute of limitation. *See* Revised Report Regarding Contents of Scheduling Order, ECF No. 43 at 5.

(S.D.N.Y. June 25, 2024). And [Mr.] Brda's alleged public promotions on Twitter (n/k/a X) all preceded the statutory time period. *See* Am. Compl. ¶¶ 133–35, 144–51.

Plaintiffs here were on "inquiry notice" of their claims against Mr. Brda before September 9, 2023 based at least on the following publicly available information.

- First, on January 3, 2022, a putative securities class action lawsuit was filed against Mr. Brda, among other defendants, in the Eastern District of New York. *See Maltagilati v. Meta Materials Inc., et al.*, No. 1:21-cv-07203, ECF No. 1 (E.D.N.Y. Jan. 3, 2022) (Tab 2 to the appendix). Another putative securities class action lawsuit was filed against Mr. Brda, among other defendants, in the Eastern District of New York on January 26, 2022. *See McMillan v. Meta Materials Inc., et al.*, No. 1:22-cv-00463, ECF No. 1 (E.D.N.Y. Jan. 26, 2022) (Tab 3 to the appendix). After the putative securities class actions were consolidated, the plaintiffs filed an amended complaint against Mr. Brda and the other defendants on August 29, 2022. *See Maltagilati v. Meta Materials Inc., et al.*, No. 1:21-cv-07203, ECF No. 46 (E.D.N.Y. Aug. 29, 2022) (Tab 5 to the appendix). This pleading had numerous allegations against Mr. Brda that, especially when coupled with the subsequent Meta filings below, would constitute storm warnings related to alleged false and misleading statements in connection with Torchlight's merger with Meta, *id.* at ¶ 89 (APP.149), and that the acquired oil and gas assets were valued at $72.6 million at closing, *id.* at ¶ 202 (APP.190). *See also id.* ¶¶ 42, 44–45, 47, 63–68.[7]

---

[7] Notably, the lead plaintiffs' counsel in the Meta litigation is the same Plaintiffs' counsel in the instant lawsuit. *See Maltagilati v. Meta Materials Inc., et al.*, No. 1:21-cv-07203, ECF No. 43 (E.D.N.Y. July 15, 2022) (consolidating and appointing Levi & Korsinsky, LLP as lead plaintiffs' counsel) (Tab 4 to the appendix at APP.116). Indeed, Plaintiff Targgart was a plaintiff in the Meta litigation as well. *Id.* Plaintiffs cannot feign lack of notice when they specifically allege the basis of the Amended Complaint is "the investigation conducted by and through Plaintiffs' attorneys." *See* Am. Compl. at 3, Preamble.

- Second, on May 12, 2023, Meta announced in its 10-Q that it had received a subpoena from the SEC in September 2021 related to "the merger involving Torchlight Energy Resources and Metamaterial Inc."[8]

- Third, on July 25, 2023, Meta announced in its Form 8-K that Mr. Brda received a Wells Notice related to "the merger involving Torchlight Energy Resources, Inc. and Metamaterial Inc."[9]

Each of these events independently would trigger a reasonable investor's "inquiry notice" and taken as a whole, the cumulation of these storm warnings leave no room for doubt: Plaintiffs' Amended Complaint against Mr. Brda is untimely and barred by the 1-year statute of limitations.

Plaintiffs' only purported basis for waiting until now to assert a Section 12(a)(2) claim against Mr. Brda is their claim that "[Mr.] Brda's status as a 'statutory seller' did not become known until certain facts were made public in the SEC's enforcement action against [Mr.] Brda on June 25, 2024." Am. Compl. ¶ 152; *see also* ECF No. 43 at 4–5. This conclusory assertion does not suffice. First, the date the SEC complaint was filed against Mr. Brda is unavailing because "the 12(a)(2) clock starts ticking when a reasonably diligent plaintiff would have discovered facts which reveal an untrue statement or omission." *Sewell v. D'Alessandro & Woodyard, Inc.*, 725 F. Supp. 2d 1344, 1346 (M.D. Fla. 2010) ("the defendants' state of mind is not one of the 'facts' a reasonably diligent plaintiff would need to discover to start the limitations clock"; dismissing Section 12(a)(2) claim). Second, Plaintiffs do not need to know "the entire wrong" to be on inquiry

---

[8] Meta Form 10-Q for quarterly period ended March 31, 2023, filed on May 12, 2023, *available at* www.sec.gov/ix?doc=/Archives/edgar/data/1431959/000095017023021728/mmat-20230331.htm (Tab 6 to the appendix at APP.257–58). Mr. Brda respectfully requests the Court take judicial notice of the public SEC filings cited in this memorandum. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 & n.1 (5th Cir. 1996) (holding court may take notice of SEC filings).
[9] Meta Form 8-K filed on July 25, 2023, *available at* www.sec.gov/ix?doc=/Archives/edgar/data/1431959/000119312523193549/d534703d8k.htm. (Tab 7 to the appendix at APP.303).

**DEFENDANT BRDA'S BRIEF IN SUPPORT OF MOTION TO DISMISS – PAGE 12**

notice. Third, the SEC complaint upon which Plaintiffs purport to rely only alleges facts from well before September 2023 and Plaintiffs do not explain at all how anything therein supports any theory that Mr. Brda was a "statutory seller." Indeed, Plaintiffs' purported claims against Mr. Brda are based on public statements and tweets from February 4, 2021 to December 11, 2022. *See* Am. Compl. ¶¶ 132, 151.

Last, in order for Mr. Brda to have ***directly communicated*** and successfully solicited Plaintiffs purchase of any security, as is required to constitute a "statutory seller," Plaintiffs would have necessarily had knowledge that Mr. Brda was a "statutory seller" under Plaintiffs' Section 12(a)(2) theory. *See Rosenzweig*, 332 F.3d at 871. Plaintiffs pled themselves into a contradiction; they cannot have it both ways (*i.e.*, that Mr. Brda directly communicated with Plaintiffs to solicit their purchase of a security, but Plaintiffs did not know in order to attempt to evade the statute of limitations).

Plaintiffs' Section 12(a)(2) claim against Mr. Brda should be dismissed as a matter of law because it is time-barred. *See Jensen v. Snellings*, 841 F.2d 600, 607 (5th Cir. 1988); *Rahr v. Grant Thornton LLP*, 142 F. Supp. 2d 793, 796 (N.D. Tex. 2000).

## IV. <u>RELIEF REQUESTED</u>

For the foregoing reasons, Defendant Brda respectfully requests the Court, dismiss the sole claim asserted against him—Section 12(a)(2) of the Securities Act (Count III)—with prejudice and award such other and further relief as the Court deems just and proper.

Dated: October 23, 2024.

                                      Respectfully submitted,

                                      /s/ *Jason M. Hopkins*
                                      Jason S. Lewis
                                          Texas Bar No. 24007551
                                          jason.lewis@us.dlapiper.com
                                      Jason M. Hopkins
                                          Texas Bar No. 24059969
                                          jason.hopkins@us.dlapiper.com
                                      Ryan D. Lantry
                                          Texas Bar No. 24125130
                                          ryan.lantry@us.dlapiper.com
                                      **DLA PIPER LLP (US)**
                                      1900 N. Pearl Street, Suite 2200
                                      Dallas, Texas 75201
                                      Telephone:  214.743.4546
                                      Facsimile:  214.743.4545

                                      ***ATTORNEYS FOR DEFENDANT***
                                      ***JOHN BRDA***

## CERTIFICATE OF SERVICE

I certify that I served the foregoing brief on all counsel of record via the Court's CM/ECF system on October 23, 2024.

                                      /s/ *Jason M. Hopkins*
                                        Jason M. Hopkins