**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **TODD TARGGART, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | **No. 4:24-cv-00767-P** |
| | § | |
| **NEXT BRDGE HYDROCARBONS, INC., et al.,** | § | |
| | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT BRDA'S RENEWED BRIEF IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Local Rule 7.1(d), Defendant John Brda files this renewed brief in support of his motion to dismiss Plaintiffs' Amended Complaint (the "**Amended Complaint**") (ECF No. 41) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 9(b).[1] Following the Fifth Circuit's reversal and remand, Mr. Brda respectfully submits this brief addressing the independent grounds for dismissal that the Fifth Circuit expressly left for this Court to consider in the first instance.

[1] Pursuant to Federal Rule of Civil Procedure 10(c), Mr. Brda joins Next Bridge Hydrocarbons, Inc.'s ("**NBH**") concurrently filed motion to dismiss. The arguments made in NBH's motion are adopted in whole and incorporated herein. Unless otherwise indicated, all pin citations are to the ECF-assigned page numbering.

# TABLE OF CONTENTS

**Page**


I. Introduction ........................................ 1

II. Legal Standards ........................................ 3

A. Rule 12(b)(6) ........................................ 3

B. Rule 9(b) ........................................ 3

C. Section 12(a)(2) ........................................ 4

III. Argument and Authorities ........................................ 5

A. Plaintiffs Fail to Plead That Mr. Brda's Alleged Statements Were Made "By Means of a Prospectus" ........................................ 5

B. Mr. Brda is not a "Statutory Seller" Under Section 12(a)(2) ........................................ 7

C. Plaintiffs' Sole Claim is Barred by the 1-Year Statute of Limitations ........................................ 10

D. The Court Should Strike or Disregard Plaintiffs' Copy-And-Pasted Paragraphs ........................................ 15

IV. Relief Requested ........................................ 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC Arbitrage Plaintiffs Group v. Tchuruk*,
291 F.3d 336 (5th Cir. 2002) ....................4

*Amorosa v. Gen. Elec. Co.*,
No. 21-CV-3137 (JMF), 2022 WL 3577838 (S.D.N.Y. Aug. 19, 2022)....................15

*APA Excelsior III L.P. v. Premiere Techs., Inc.*,
476 F.3d 1261 (11th Cir. 2007) ....................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................3

*Ballay v. Legg Mason Wood Walker, Inc.*,
925 F.2d 682 (3d Cir. 1991)....................5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................3

*Brooks v. United Dev. Funding III, L.P.*,
No. 4:20-CV-00150-O, 2020 WL 6132230 (N.D. Tex. Apr. 15, 2020) ....................15

*Carroll v. Fort James Corp.*,
470 F.3d 1171 (5th Cir. 2006) ....................4

*Combs v. SafeMoon LLC*,
No. 2:22-CV-00642-DBB-JCB, 2024 WL 1347409 (D. Utah Mar. 29, 2024) ....................9

*De Ford v. Koutoulas*,
No. 6:22-CV-652-PGB-DCI, 2023 WL 2709816 (M.D. Fla. Mar. 30, 2023),
*reconsideration denied*, 2023 WL 3584077 (M.D. Fla. May 22, 2023)....................9

*DeBenedictis v. Merrill Lynch & Co.*,
492 F.3d 209 (3d Cir. 2007)....................10

*Dorsey v. Portfolio Equities, Inc.*,
540 F.3d 333 (5th Cir. 2008) ....................4

*Emerson v. Mut. Fund Series Tr.*,
393 F. Supp. 3d 220 (E.D.N.Y. 2019) ....................11

*Firefighters Pension & Relief Fund of New Orleans v. Bulmahn*,
53 F. Supp. 3d 882 (E.D. La. 2014)....................12

*Geinko v. Padda*,
No. 00 C 5070, 2002 WL 276236 (N.D. Ill. 2002).....11

*Gotham Holdings, LP v. Health Grades, Inc.*,
534 F. Supp. 2d 442 (S.D.N.Y. 2008).....6

*Gustafson v. Alloyd, Inc.*,
513 U.S. 561 (1995).....5, 6

*Hoffman v. AmericaHomeKey, Inc.*,
23 F. Supp. 3d 734 (N.D. Tex. 2014).....4

*Holland v. GEXA Corp.*,
161 F. App'x 364 (5th Cir. 2005).....9

*In re Chembio Diagnostics, Inc. Sec. Litig.*,
586 F. Supp. 3d 199 (E.D.N.Y. 2022).....7

*In re Dynegy, Inc. Sec. Litig.*,
339 F. Supp. 2d 804 (S.D. Tex. 2004).....10, 14

*In re Franklin Bank Corp. Sec. Litig.*,
782 F. Supp. 2d 364 (S.D. Tex. 2011), *aff'd sub nom. Harold Roucher Trust U/A DTD 9/21/72 v. Nocella*, 464 F. App'x 334 (5th Cir. 2012).....12

*In re Morgan Stanley Info. Fund Sec. Litig.*,
592 F.3d 347 (2d Cir. 2010).....5

*In re Plains All Am. Pipeline, L.P. Sec. Litig.*,
307 F. Supp. 3d 583 (S.D. Tex. 2018), *aff'd on other grounds sub nom.*, *Police & Fire Ret. Sys. of City of Detroit v. Plains All Am. Pipeline, L.P.*, 777 F. App'x 726 (5th Cir. 2019).....7

*In re Venator Materials PLC Sec. Litig.*,
547 F. Supp. 3d 624 (S.D. Tex. 2021).....6

*Jacobowitz v. Range Res. Corp.*,
596 F. Supp. 3d 659 (N.D. Tex. 2022).....7

*James Jianhua Wu v. Weizhen Tang*,
No. 3:10-CV-0218-O, 2011 WL 145259 (N.D. Tex. Jan. 14, 2011).....4

*Jensen v. Snellings*,
841 F.2d 600 (5th Cir. 1988).....15

*Kaye v. Lone Star Fund V (U.S.), L.P.*,
453 B.R. 645 (N.D. Tex. 2011).....15

*Lewis v. Fresne*,
252 F.3d 352 (5th Cir. 2001) ....................................................................................5

*Lipsky v. Commonwealth United Corp.*,
551 F.2d 887 (2d Cir. 1976)....................................................................................15

*Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*,
238 F.3d 363 (5th Cir. 2001) ....................................................................................8

*Lovelace v. Software Spectrum, Inc.*,
78 F.3d 1015 (5th Cir. 1996) ..................................................................................13

*Lozada v. TaskUs, Inc.*,
710 F. Supp. 3d 283 (S.D.N.Y. 2024)...............................................................8, 10

*Luczak v. Nat'l Beverage Corp.*,
400 F. Supp. 3d 1318 (S.D. Fla. 2019), *rev'd in part on other grounds and remanded*, 812 F. App'x 915 (11th Cir. 2020) ..................................................11

*Maltagilati v. Meta Materials Inc., et al.*,
No. 1:21-cv-07203, ECF No. 1 (E.D.N.Y. Jan. 3, 2022)........................................12

*Maltagilati v. Meta Materials Inc., et al.*,
No. 1:21-cv-07203, ECF No. 43 (E.D.N.Y. July 15, 2022) ...................................13

*Maltagilati v. Meta Materials Inc., et al.*,
No. 1:21-cv-07203, ECF No. 46 (E.D.N.Y. Aug. 29, 2022) (Tab 5 to the appendix).............................................................................................................12

*Melder v. Morris*,
27 F.3d 1097 (5th Cir. 1994) ...........................................................................3, 4, 7

*Merck & Co. v. Reynolds*,
559 U.S. 633 (2010)................................................................................................12

*Ocampo v. Dfinity Stiftung*,
No. A173226, 2026 WL 249678 (Cal. Ct. App. Jan. 30, 2026) ...............................9

*Pell v. Weinstein*,
759 F. Supp. 1107 (M.D. Pa. 1991) *aff'd*, 961 F.2d 1568 (3d Cir. 1992)................................6

*Pierce v. Morris*,
No. 4:03-CV-026-Y, 2006 WL 2370343 (N.D. Tex. Aug. 16, 2006) .......................................8

*Pino v. Cardone Capital, LLC*,
55 F.4th 1253 (9th Cir. 2022) ..............................................................................8, 9

*Pinter v. Dahl*,
486 U.S. 622 (1988) .......... 2, 7, 8, 10

*Plotkin v. IP Axess Inc.*,
407 F.3d 690 (5th Cir. 2005) .......... 3

*Rahr v. Grant Thornton LLP*,
142 F. Supp. 2d 793 (N.D. Tex. 2000) .......... 15

*Rombach v. Chang*,
355 F.3d 164 (2d Cir. 2004) .......... 4, 7

*Rosenzweig v. Azurix Corp.*,
332 F.3d 854 (5th Cir. 2003) .......... 2, 8, 14

*SEC v. Digital Licensing Inc.*,
No. 2:23-CV-00482-RJSDBP, 2024 WL 1157832 (D. Utah Mar. 18, 2024) .......... 14

*Sewell v. D'Alessandro & Woodyard, Inc.*,
725 F. Supp. 2d 1344 (M.D. Fla. 2010) .......... 11, 14

*Sudo Properties, Inc. v. Terrebonne Par. Consol. Gov't*,
503 F.3d 371 (5th Cir. 2007) .......... 10

*Targgart v. Next Bridge Hydrocarbons, Inc.*,
No. 25-10879, slip op. (5th Cir. 2026) (ECF No. 75) .......... 1

*Wildes v. BitConnect Int'l PLC*,
25 F.4th 1341 (11th Cir. 2022) .......... 8, 9

**Statutes & Other Authorities**

15 U.S.C. § 77l(a)(2), Securities Exchange Act of 1933, Section 12(a)(2) .......... *passim*

15 U.S.C. § 77m .......... 10

FED. R. CIV. P. 9(b) .......... 3, 4, 7

FED. R. CIV. P. 12(b)(6) .......... 3

# I. INTRODUCTION

This case returns to this Court following the Fifth Circuit's reversal and remand. The Fifth Circuit reversed this Court's dismissal of Plaintiffs' claims on the "narrow" ground that Plaintiffs did not "purchase" their NBH shares, holding that the exchange of MMTLP preferred stock for NBH common stock constituted a purchase for value under the Securities Act. *Targgart v. Next Bridge Hydrocarbons, Inc.*, No. 25-10879, slip op. at 4, 8 (5th Cir. 2026) (ECF No. 75). The Fifth Circuit, however, expressly declined to address the several independent arguments for dismissal that Defendants raised below but that this Court did not reach, recognizing that it is a court "of review, not first view," and leaving the "alternative grounds Defendants raise for the district court to consider in the first instance." *Id.* at 10.

Unlike every other individual defendant, Mr. Brda was never an officer or director of NBH. Rather, he was an officer of the company that preceded Meta Materials Inc. ("**Meta**")—Torchlight Energy Resources, Inc. ("**Torchlight**")—until June 2021.[2] Am. Compl. ¶ 25. Mr. Brda is thus three companies and over one year removed from the initial registration statement filed on July 14, 2022, that was declared effective on November 18, 2022, pursuant to which Plaintiffs received shares in NBH. Am. Compl. ¶ 4. As set forth below, Mr. Brda's lack of involvement with NBH (and its prospectus) is fatal to Plaintiff's Section 12(a)(2) claim.

Although the Fifth Circuit resolved the "narrow" statutory standing issue in Plaintiffs' favor for purposes of the pleading stage, the Section 12(a)(2) claim nonetheless fails for at least three independent reasons that this Court has not yet addressed. *First*, Plaintiffs fail to allege that Mr. Brda made any false or misleading statement in connection with a "prospectus" as required by

---

[2] Torchlight merged with Metamaterial Technologies Inc. and became Meta in June 2021. Am. Compl. ¶ 25.

Section 12(a)(2), because Mr. Brda had no involvement with NBH's registration statement and most of the statements Plaintiffs attribute to him predate the prospectus entirely. Plaintiffs do not allege that Mr. Brda is responsible in any way for the drafts of the registration statement and prospectus. Rather, they allege only that he had authority over Torchlight's filings—not Meta's or NBH's. Am. Compl. ¶ 25. Most of the statements that Plaintiffs attribute to Mr. Brda predate even the initial draft registration statement filed on July 14, 2022, and therefore were not made in connection with any public offering. As for the few post-July 14, 2022 statements, Plaintiffs have made little effort to allege that such statements relate to the prospectus and no effort to allege that such statements are false or misleading.

*Second*, Plaintiffs fail to plausibly allege that Mr. Brda is a "statutory seller" who directly and successfully communicated with Plaintiffs to solicit their purchase of NBH securities for financial motive. Mr. Brda does not qualify as a "statutory seller" under Section 12(a)(2) as defined by the Supreme Court in *Pinter v. Dahl*, 486 U.S. 622, 643 (1988). Plaintiffs have not alleged that Mr. Brda "directly communicate[d]" with them or that any purported solicitation was successful—*i.e.*, that Plaintiffs actually saw and were moved to invest by Mr. Brda's communications. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 871 (5th Cir. 2003). Nor have Plaintiffs alleged that Mr. Brda was motivated by any financial interest, given that his only alleged incentive—a $1.5 million bonus—was earned and received from Meta in mid-2021, before any statements that could relate to the prospectus.

*Finally*, Plaintiffs' sole claim against Mr. Brda is barred by the one-year statute of limitations. Plaintiffs were on inquiry notice of their claims well before September 9, 2023, based on multiple publicly available storm warnings, including prior class action litigation against Mr. Brda, SEC subpoenas, and a Wells Notice—all of which involved the same conduct now at

issue. Plaintiffs' conclusory assertion that Mr. Brda's "status as a 'statutory seller' did not become known" until the SEC's June 2024 enforcement action does not withstand scrutiny

For any or all of these reasons, the Court should dismiss Plaintiffs' sole claim (Count III) asserted against Mr. Brda.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a Rule 12(b)(6) motion, courts identify and disregard any conclusory factual allegations, which are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (holding that the "Court is not required to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions").

A claim is plausible only if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the alleged facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679.

### B. Rule 9(b)

Rule 9(b) applies when "Securities Act claims are grounded in fraud rather than negligence." *Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994). The only reference to "negligence" throughout the entire Amended Complaint (Am. Compl. ¶ 90) does not relate to Mr. Brda. Moreover, Plaintiffs wholesale lifted Paragraphs 121–22, 124–43 of the Amended

Complaint from the complaint filed by the SEC, which on its face and as Plaintiffs concede, alleges a "fraudulent scheme." ECF No. 55 at 12. Thus, Rule 9(b) applies. *See James Jianhua Wu v. Weizhen Tang*, No. 3:10-CV-0218-O, 2011 WL 145259, at *6 (N.D. Tex. Jan. 14, 2011) ("Although Section 12(2) does not include a requirement of fraud, the Fifth Circuit has held that claims under the Securities Act of 1933 are subject to Rule 9(b) when they are grounded in fraud rather than negligence.") (citing *Melder*, 27 F.3d at 1100 n.6); *see also Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) ("We hold that the heightened pleading standard of Rule 9(b) applies to Section 11 and Section 12(a)(2) claims insofar as the claims are premised on allegations of fraud.").

Rule 9(b) requires that the complaint state "with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). The Fifth Circuit "interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008). "Put simply, Rule 9(b) requires the complaint to set forth 'the who, what, when, where, and how' of the events at issue." *Id.* (quoting *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)).

"In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading." *Hoffman v. AmericaHomeKey, Inc.*, 23 F. Supp. 3d 734, 745 (N.D. Tex. 2014) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006)).

**C. Section 12(a)(2)**

In order to state a *prima facie* claim under Section 12(a)(2), Plaintiffs must plausibly allege that: "(1) [Mr. Brda] is a 'statutory seller'; (2) the sale was effectuated 'by means of a prospectus

or oral communication'; and (3) the prospectus or oral communication 'include[d] an untrue statement of a material fact or omit[ted] to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading.'" *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 358–59 (2d Cir. 2010) (quoting 15 U.S.C. § 77l(a)(2)). "Section 12 of the 1933 Act does not apply to private transactions," only public offerings. *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001).

## III. ARGUMENT AND AUTHORITIES

The Fifth Circuit reversed this Court's dismissal on the single and "narrow" ground that Plaintiffs did not "purchase" their NBH shares, but it expressly left for this Court "the alternative grounds Defendants raise . . . for the district court to consider in the first instance." Slip op. at 10. Those independent grounds—each of which is independently sufficient to warrant dismissal—are set forth below.

### A. Plaintiffs Fail to Plead That Mr. Brda's Alleged Statements Were Made "By Means of a Prospectus"

Section 12(a)(2) narrowly imposes liability only on a person who "offers or sells a security" by means of a materially false or misleading prospectus or oral communication. 15 U.S.C. § 77l(a)(2). "[T]he word 'prospectus' is a term of art referring" only to documents "in connection with public offerings." *Gustafson v. Alloyd, Inc.*, 513 U.S. 561, 584 (1995). Similarly, the term "oral communication" in Section 12(a)(2) is "restricted to oral communications that relate to a prospectus." *Id.* at 567–68; *Ballay v. Legg Mason Wood Walker, Inc.*, 925 F.2d 682, 688 (3d Cir. 1991) ("We are persuaded that the plain meaning of the words 'prospectus or oral communication' together is that buyers may recover for material misrepresentations made in a prospectus or in an oral communication related to a prospectus or initial offering."). And "the liability imposed by § 12(2) cannot attach unless there is an obligation to distribute the prospectus in the first place."

*Gustafson*, 513 U.S. at 571. It follows that a "sale could not possibly have been made 'by means of a prospectus'" in violation of Section 12(a)(2) when the "date of the sale" was "before the prospectus . . . came into existence." *Pell v. Weinstein*, 759 F. Supp. 1107, 1113–14 (M.D. Pa. 1991) *aff'd*, 961 F.2d 1568 (3d Cir. 1992); *accord APA Excelsior III L.P. v. Premiere Techs., Inc.*, 476 F.3d 1261, 1273 (11th Cir. 2007) (finding "[t]o hold otherwise would mean that an impossible fact will be presumed in Plaintiffs' favor").

Plaintiffs' allegations fall well short of this standard. As an initial matter, Plaintiffs do not allege that Mr. Brda had any role in preparing or issuing NBH's registration statement and prospectus. They allege only that he had authority over Torchlight's filings—not Meta's or NBH's. Am. Compl. ¶ 25; *see In re Venator Materials PLC Sec. Litig.*, 547 F. Supp. 3d 624, 669 (S.D. Tex. 2021) ("The Fifth Circuit holds nonspecific allegations of this kind to be insufficient under section 12."). This is a critical deficiency. An "essential element of the § 12(a)(2) claim is that the omissions or misrepresentations being sued upon are either contained in or relate directly to a prospectus." *Gotham Holdings, LP v. Health Grades, Inc.*, 534 F. Supp. 2d 442, 444 (S.D.N.Y. 2008) (dismissing Section 12(a)(2) claim where oral communications related to the status of the investment, not the prospectus itself). Neither the Amended Complaint nor Plaintiffs' prior opposition (ECF No. 55) directly ties any communication by Mr. Brda to a prospectus with which he had no alleged involvement.

The timeline of Mr. Brda's alleged statements underscores the point. Most of the statements (*i.e.*, Tweets) that Plaintiffs attribute to Mr. Brda predate even the initial draft registration statement filed on July 14, 2022,and thus could not have been made in connection with any public offering. *See* Am. Compl. ¶¶ 127–28 (September 21, 2020); ¶ 131 (March 17, 2021); ¶ 133 (June 7, 2021); ¶ 144 (June 9, 2022); ¶ 145 (June 17, 2022). These pre-prospectus statements

cannot form the basis of a Section 12(a)(2) claim as a matter of law. As for the few post-July 14, 2022 statements, Am. Compl. ¶¶ 146–51, Plaintiffs do not allege they directly related to the prospectus, and to the extent any such statement might bear some relation to the prospectus, Plaintiffs have not alleged that the statements are false or misleading. *In re Plains All Am. Pipeline, L.P. Sec. Litig.*, 307 F. Supp. 3d 583, 643–44 (S.D. Tex. 2018), *aff'd on other grounds sub nom.*, *Police & Fire Ret. Sys. of City of Detroit v. Plains All Am. Pipeline, L.P.*, 777 F. App'x 726 (5th Cir. 2019) (dismissing Section 12(a)(2) claim; "[t]he court need not sift through the plaintiffs' allegations to try to find actionable 'lesser included' strict liability and negligence allegations").

These allegations also fail to satisfy Rule 9(b), which applies because Plaintiffs' Section 12(a)(2) claims are grounded in fraud. *See Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004); *see also Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994). Plaintiffs cannot evade this heightened standard by disclaiming any intent to plead fraud. *See In re Chembio Diagnostics, Inc. Sec. Litig.*, 586 F. Supp. 3d 199, 225 (E.D.N.Y. 2022). The only reference to "negligence" in the Amended Complaint (Am. Compl. ¶ 90) does not relate to Mr. Brda, and Plaintiffs wholesale lifted Paragraphs 121–22, 124–43 of the Amended Complaint from the SEC's complaint, which alleges a "fraudulent scheme." Plaintiffs' heavily excerpted allegations—particularly the statements from the "Space" call, Am. Compl. ¶ 146—are devoid of the particularity and context that Rule 9(b) demands. *Jacobowitz v. Range Res. Corp.*, 596 F. Supp. 3d 659, 681 (N.D. Tex. 2022) ("It is not Defendants holding [Plaintiff] to this standard; rather, it is federal securities fraud law.").

Accordingly, for any or all of the foregoing reasons, the Section 12(a)(2) claim should be dismissed.

### B. Mr. Brda is not a "Statutory Seller" Under Section 12(a)(2)

Section 12(a)(2) claims may only be brought against "statutory sellers," a concept governed by the framework the Supreme Court established in *Pinter v. Dahl*, 486 U.S. 622 (1988). *See*

*Lozada v. TaskUs, Inc.*, 710 F. Supp. 3d 283, 312 (S.D.N.Y. 2024). A statutory seller includes (1) "the owner who passed title, or other interest in the security, to the buyer for value" or (2) someone "who successfully solicit[ed] the purchase [of the security], motivated at least in part by a desire to serve his own financial interests or those of the securities' owner." *Id.* (quoting *Pinter*, 486 U.S. at 642, 647). Plaintiffs' allegations satisfy neither prong.

Plaintiffs do not allege that any Plaintiff obtained title to the securities from Mr. Brda, so Mr. Brda cannot be liable under the first prong. *See id.*

Plaintiffs also fail to satisfy the solicitation prong. In *Rosenzweig*, the Fifth Circuit held that "to count as 'solicitation,' the seller must, at a minimum, directly communicate with the buyer." 332 F.3d 854, 871 (5th Cir. 2003) (dismissing Section 12(a)(2) claims when defendants did not "directly communicate with the buyer" or otherwise "assume[ ] the 'unusual' role of becoming a 'vendor's agent'"); *see also Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 370 (5th Cir. 2001) (allegations that an issuer promoted an issue by preparing a prospectus or conducting a road show insufficient to plead seller liability under Section 12(a)(2)); *Pierce v. Morris*, No. 4:03-CV-026-Y, 2006 WL 2370343, at *3 (N.D. Tex. Aug. 16, 2006) ("Section 12(a)(2) therefore requires privity, and imposes liability on defendants who directly pass title to the plaintiff or who successfully, actively, and directly solicit the transaction in which title passed to the plaintiffs."). The Amended Complaint does not contain any allegations that Mr. Brda directly and successfully communicated with any Plaintiff.

Plaintiffs will likely rely on out-of-circuit authority to argue that mass public communications can satisfy the solicitation standard. *See, e.g.*, *Wildes v. BitConnect Int'l PLC*, 25 F.4th 1341 (11th Cir. 2022); *Pino v. Cardone Capital, LLC*, 55 F.4th 1253 (9th Cir. 2022). But these cases are contrary to Fifth Circuit law and distinguishable on their allegations. In *Wildes*,

the defendants promised "huge profits," "urged people to buy BitConnect coins in online videos," and told them "passive income was merely 'a click away.'" 25 F.4th at 1344, 1346. In *Pino*, the defendant told investors "I am offering investment opportunities to the everyday investor, like you!," promised "a 15% annualized return," and asked them if they wanted to "double [their] money." 55 F.4th at 1256. Mr. Brda's tweets bear no resemblance to these aggressive, targeted solicitations. *See Ocampo v. Dfinity Stiftung*, No. A173226, 2026 WL 249678, at *10 (Cal. Ct. App. Jan. 30, 2026) ("declin[ing] to find that the facts of this case rise to the level of the 'extensive solicitation efforts' specifically tethered to the sale of securities present in *Pino* and *Wildes*"). To the contrary, Mr. Brda's only post-prospectus communications urged existing shareholders to "hold" their shares—neither to sell nor to purchase—which is not a solicitation to "purchase" under any circuit's standard. *See* Am. Compl. ¶¶ 146–51.

Equally fatal, Plaintiffs have not alleged that any purported solicitation by Mr. Brda was *successful*—that is, that any Plaintiff actually saw Mr. Brda's communications and made an investment decision as a result. *See Holland v. GEXA Corp.*, 161 F. App'x 364, 366 (5th Cir. 2005) (affirming dismissal of Section 12(a)(2) claim; "[t]o the extent that [the plaintiff] is alleging fraud in the content of the memoranda, he has failed to plead any reliance on that information that induced his purchase"). The cases on which Plaintiffs previously relied recognize this requirement. *See Combs v. SafeMoon LLC*, No. 2:22-CV-00642-DBB-JCB, 2024 WL 1347409, at *21 (D. Utah Mar. 29, 2024) (concluding statutory seller allegations were adequate because "Plaintiffs plead that they 'saw the solicitations from Executive Defendants . . . and they purchased Safemoon tokens as a result of those promotions'"); *De Ford v. Koutoulas*, No. 6:22-CV-652-PGB-DCI, 2023 WL 2709816, at *7 (M.D. Fla. Mar. 30, 2023), *reconsideration denied*, 2023 WL 3584077 (M.D. Fla. May 22, 2023) (distinguishing *Wildes*; "[t]he plaintiff must thus allege not

only that the defendant actively solicited investors, but that the plaintiff purchased securities ***as a result of*** that solicitation") (emphasis added). No such allegation appears anywhere in the Amended Complaint.

The financial-motivation element also fails. The only financial incentive that Plaintiffs allege as to Mr. Brda is a $1.5 million bonus he earned and received from Meta in mid-2021. *See* Am. Compl. ¶¶ 141–43. Because Mr. Brda received that bonus before any statements that could relate to the prospectus—which was not even filed in initial form until July 14, 2022—any purported "solicitation" after mid-2021 could not have been "motivated at least in part by a desire to serve his own financial interests." *Lozada*, 710 F. Supp. 3d at 312. Plaintiffs cannot plausibly allege that a person was financially motivated by compensation he had already received.

In short, Plaintiffs have not, and cannot, allege that Mr. Brda was a "statutory seller." *Pinter*, 486 U.S. at 647.

### C. Plaintiffs' Sole Claim is Barred by the 1-Year Statute of Limitations

Claims under the Securities Act, including Section 12(a)(2), must be filed "within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence." 15 U.S.C. § 77m.[3] The applicable standard is "inquiry notice," which applies "when a reasonable investor of ordinary intelligence would have discovered the information and recognized it as a storm warning." *Sudo Properties, Inc. v. Terrebonne Par. Consol. Gov't*, 503 F.3d 371, 376 (5th Cir. 2007) (quoting *DeBenedictis v. Merrill Lynch & Co.*, 492 F.3d 209, 216 (3d Cir. 2007)). Importantly, "[a]n investor does not have to have notice of the entire wrong being perpetrated to be on inquiry notice." *In re Dynegy, Inc. Sec. Litig.*,

---

[3] Plaintiffs concede the applicable one-year statute of limitation. *See* Revised Report Regarding Contents of Scheduling Order, ECF No. 43 at 5.

339 F. Supp. 2d 804, 846 (S.D. Tex. 2004) (citations omitted). "[C]ourts routinely find the information contained in annual and quarterly reports filed with the SEC within the purview of what a reasonable investor would consider." *Emerson v. Mut. Fund Series Tr.*, 393 F. Supp. 3d 220, 247 (E.D.N.Y. 2019).

Plaintiffs assert that "[l]ess than one year has elapsed since the time that Plaintiffs discovered, or could reasonably have discovered, the facts upon which this [Amended] Complaint is based" because "[Mr.] Brda's status as a 'statutory seller' did not become known until certain facts were made public in the SEC's enforcement action against [Mr.] Brda on June 25, 2024." Am. Compl. ¶ 152.[4] This conclusory assertion does not withstand analysis. The "12(a)(2) clock starts ticking when a reasonably diligent plaintiff would have discovered facts which reveal an untrue statement or omission"—not when the plaintiff learns every detail of the defendant's state of mind. *Sewell v. D'Alessandro & Woodyard, Inc.*, 725 F. Supp. 2d 1344, 1346 (M.D. Fla. 2010) ("the defendants' state of mind is not one of the 'facts' a reasonably diligent plaintiff would need to discover to start the limitations clock"; dismissing Section 12(a)(2) claim). And a "[p]laintiff cannot merely crib allegations from a complaint in another jurisdiction as the sole source of support for his claims here." *Luczak v. Nat'l Beverage Corp.*, 400 F. Supp. 3d 1318, 1327 (S.D. Fla. 2019), *rev'd in part on other grounds and remanded*, 812 F. App'x 915 (11th Cir. 2020); *see infra* § III(D); *see also Geinko v. Padda*, No. 00 C 5070, 2002 WL 276236, at *6 (N.D. Ill. 2002) ("Plaintiffs' attorneys cannot shirk their Rule 11 obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances by merely stating that 'the SEC alleges' certain additional facts.").

---

[4] *See SEC v. John Brda, et al.*, No. 1:24-cv-04806, ECF No. 1 (S.D.N.Y. June 25, 2024) (Tab 1 to the appendix).

Plaintiffs previously invoked *Merck & Co. v. Reynolds*, 559 U.S. 633 (2010), for the proposition that the limitations period does not begin until the plaintiff discovers the entirety of the claim. *See* ECF No. 55 at 24–25. But *Merck* addressed the limitations period for claims under Section 10(b) of the Securities Exchange Act of 1934—not Securities Act claims. The Fifth Circuit has not extended *Merck* to claims brought under the 1933 Act, and courts within the Circuit have continued to apply the less stringent inquiry-notice standard to Securities Act claims. *See, e.g.*, *Firefighters Pension & Relief Fund of New Orleans v. Bulmahn*, 53 F. Supp. 3d 882, 899–900 (E.D. La. 2014); *In re Franklin Bank Corp. Sec. Litig.*, 782 F. Supp. 2d 364, 383–84 (S.D. Tex. 2011), *aff'd sub nom. Harold Roucher Trust U/A DTD 9/21/72 v. Nocella*, 464 F. App'x 334 (5th Cir. 2012). In any event, the result under the *Merck* standard would be the same given the intensity of the storm warnings described below.

Plaintiffs here were on "inquiry notice" of their claims against Mr. Brda before September 9, 2023, based at least on the following publicly available information:

*First*, on January 3, 2022, a putative securities class action lawsuit was filed against Mr. Brda, among other defendants, in the Eastern District of New York. *See Maltagilati v. Meta Materials Inc., et al.*, No. 1:21-cv-07203, ECF No. 1 (E.D.N.Y. Jan. 3, 2022) (Tab 2 to the appendix). Another putative securities class action lawsuit was filed against Mr. Brda, among other defendants, in the Eastern District of New York on January 26, 2022. *See McMillan v. Meta Materials Inc., et al.*, No. 1:22-cv-00463, ECF No. 1 (E.D.N.Y. Jan. 26, 2022) (Tab 3 to the appendix). After the putative securities class actions were consolidated, the plaintiffs filed an amended complaint against Mr. Brda and the other defendants on August 29, 2022. *See Maltagilati v. Meta Materials Inc., et al.*, No. 1:21-cv-07203, ECF No. 46 (E.D.N.Y. Aug. 29, 2022) (Tab 5 to the appendix). This pleading had numerous allegations against Mr. Brda that, especially when

coupled with the subsequent Meta filings below, would constitute storm warnings related to alleged false and misleading statements in connection with Torchlight's merger with Meta, *id.* at ¶ 89 (APP.149), and that the acquired oil and gas assets were valued at $72.6 million at closing, *id.* at ¶ 202 (APP.190). *See also id.* ¶¶ 42, 44–45, 47, 63–68.[5]

*Second*, on May 12, 2023, Meta announced in its 10-Q that it had received a subpoena from the SEC in September 2021 related to "the merger involving Torchlight Energy Resources and Metamaterial Inc."[6]

*Third*, on July 25, 2023, Meta announced in its Form 8-K that Mr. Brda received a Wells Notice related to "the merger involving Torchlight Energy Resources, Inc. and Metamaterial Inc."[7]

Each of these events independently would trigger a reasonable investor's inquiry notice, and taken as a whole, the cumulation of these storm warnings leaves no room for doubt: Plaintiffs' Amended Complaint against Mr. Brda is untimely and barred by the one-year statute of limitations.

Plaintiffs' only purported basis for their delay is that "[Mr.] Brda's status as a 'statutory seller' did not become known until certain facts were made public in the SEC's enforcement action

[5] Notably, the lead plaintiffs' counsel in the Meta litigation is the same Plaintiffs' counsel in the instant lawsuit. *See Maltagilati v. Meta Materials Inc., et al.*, No. 1:21-cv-07203, ECF No. 43 (E.D.N.Y. July 15, 2022) (consolidating and appointing Levi & Korsinsky, LLP as lead plaintiffs' counsel) (Tab 4 to the appendix at APP.116). Indeed, Plaintiff Targgart was a plaintiff in the Meta litigation as well. *Id.* Plaintiffs cannot feign lack of notice when they specifically allege the basis of the Amended Complaint is "the investigation conducted by and through Plaintiffs' attorneys." *See* Am. Compl. at 3, Preamble.

[6] Meta Form 10-Q for quarterly period ended March 31, 2023, filed on May 12, 2023, *available at* www.sec.gov/ix?doc=/Archives/edgar/data/1431959/000095017023021728/mmat-20230331.htm (Tab 6 to the appendix at APP.257–58). Mr. Brda respectfully requests the Court take judicial notice of the public SEC filings cited in this memorandum. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 & n.1 (5th Cir. 1996) (holding court may take notice of SEC filings).

[7] Meta Form 8-K filed on July 25, 2023, *available at* www.sec.gov/ix?doc=/Archives/edgar/data/1431959/000119312523193549/d534703d8k.htm. (Tab 7 to the appendix at APP.303).

against [Mr.] Brda on June 25, 2024." Am. Compl. ¶ 152. This assertion does not suffice for several reasons. The date the SEC complaint was filed is irrelevant because the limitations clock turns on discovery of the underlying facts—not the defendant's legal status. *Sewell*, 725 F. Supp. 2d at 1346. Further, Plaintiffs do not need to know "the entire wrong" to be on inquiry notice. *In re Dynegy*, 339 F. Supp. 2d at 846. Finally, the SEC complaint upon which Plaintiffs rely only alleges facts from well before September 2023, and Plaintiffs do not explain how anything therein supports any theory that Mr. Brda was a "statutory seller." Indeed, the word "prospectus" does not appear anywhere in the SEC's complaint. *See generally* Tab 1. Plaintiffs' purported claims against Mr. Brda are based on public statements and tweets from February 4, 2021 to December 11, 2022—all publicly available long before the statutory period. *See* Am. Compl. ¶¶ 132, 151.

Plaintiffs' position is also self-contradictory. On the one hand, Plaintiffs argue that Mr. Brda's public tweets constituted direct "solicitations" sufficient to make him a statutory seller. On the other hand, they contend that his public communications were not sufficient to place them on notice of their claims. They cannot have it both ways. If Mr. Brda "directly communicated" with Plaintiffs to solicit their purchase of a security—as is required to establish statutory seller liability under *Rosenzweig*, 332 F.3d at 871—Plaintiffs would necessarily have had knowledge of Mr. Brda's purported "statutory seller" role. Indeed, the SEC's enforcement action added nothing material to what was already publicly known; it simply repackaged public allegations into a government complaint. *See SEC v. Digital Licensing Inc.*, No. 2:23-CV-00482-RJSDBP, 2024 WL 1157832, at *21 (D. Utah Mar. 18, 2024) ("That the Commission files a complaint does not conclusively prove, nor serve as evidence of, fraud or anything else. The contents of a complaint ordinarily are nothing more than unproven allegations.").

Plaintiffs' Section 12(a)(2) claim against Mr. Brda should be dismissed as a matter of law because it is time-barred. *See Jensen v. Snellings*, 841 F.2d 600, 607 (5th Cir. 1988); *Rahr v. Grant Thornton LLP*, 142 F. Supp. 2d 793, 796 (N.D. Tex. 2000).

**D. The Court Should Strike or Disregard Plaintiffs' Copied Paragraphs**

As a final matter, in evaluating this motion to dismiss, the Court should strike or disregard the allegations that Plaintiffs have copied and paraphrased from an SEC complaint against Mr. Brda. *See, e.g.*, *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Cir. 1976) (striking allegations in a complaint copied from a consent order with the SEC and the SEC complaint that preceded it because "there was no hearing or rulings or any form of decision on the merits by the district court"); *see also Brooks v. United Dev. Funding III, L.P.*, No. 4:20-CV-00150-O, 2020 WL 6132230, at *13 (N.D. Tex. Apr. 15, 2020) (O'Connor, J.) (striking nine paragraphs of plaintiffs' allegations "wholesale" lifted and paraphrased from an SEC complaint); *Amorosa v. Gen. Elec. Co.*, No. 21-CV-3137 (JMF), 2022 WL 3577838, at *3 (S.D.N.Y. Aug. 19, 2022) ("[Plaintiff] claims that he did his 'own investigation and analysis of the allegations,' but his 'investigation' appears to have been limited to reviewing and comparing the allegations in the CAC and the SEC Order; there are few, if any, new factual allegations.") (citation omitted).

Plaintiffs have copied and paraphrased Paragraphs 121–22, 124–43 of the Amended Complaint from the complaint filed by the SEC. *See SEC v. John Brda, et al.*, No. 1:24-cv-04806, ECF No. 1 (S.D.N.Y. June 25, 2024) (Tab 1 to the appendix); *see also Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 664 (N.D. Tex. 2011) (holding court deciding a motion to dismiss "may take judicial notice of a document filed in another court") (citation and quotation omitted). The Court should therefore strike or disregard these paragraphs from the Amended Complaint.[8]

[8] Attached hereto as **Exhibit A** is a comparative visual of the allegations side-by-side.

Stripped of these lifted allegations, Plaintiffs are far from stating the basic elements of a Section 12(a)(2) claim. The claim separately fails for each of the reasons set forth above, *see supra* §§ III(A)–(C), independent of the Court's discretion to strike the copied allegations.

## IV. RELIEF REQUESTED

For the foregoing reasons, Defendant Brda respectfully requests the Court dismiss the sole claim asserted against him—Section 12(a)(2) of the Securities Act (Count III)—with prejudice and award such other and further relief as the Court deems just and proper.

Dated: August 24, 2026.

Respectfully submitted,

/s/ *Jason S. Lewis*

Jason S. Lewis
Texas Bar No. 24007551
jason.lewis@us.dlapiper.com
Ryan D. Lantry
Texas Bar No. 24125130
ryan.lantry@us.dlapiper.com
**DLA PIPER LLP (US)**
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: 214.743.4546
Facsimile: 214.743.4545

***ATTORNEYS FOR DEFENDANT JOHN BRDA***

**CERTIFICATE OF SERVICE**

I certify that I served the foregoing brief on all counsel of record via the Court's CM/ECF system on August 24, 2026.

/s/ *Jason S. Lewis*
Jason S. Lewis